Bowen, J.
We are unable to perceive any reason resting either on principle or well-considered authority, which will warrant this-ruling of the court.
It is unquestionably true, that the acts and declarations *of a conspirator may, after sufficient proof of the fact of conspiracy, be given in evidence to charge his fellow, but subject always to this *471 limitation, that the acts and declarations admitted he those only which were made and'done during the pendency of the criminal enterprise, and in furtherance of the common object. Where the declarations are merely a narrative of a past occurrence, they can not be received as evidence of such occurrence. They must be concomitant with the principal act, and connected with it, so as to constitute a part of the res gesta. This is upon the plain ground, that the act and 'declaration of each in prosecution of the enterprise, and while engaged in accomplishing the common design, is to be considered the act and declaration of all, each being deemed the agent of all. 1 Greenl. Ev. 140; United States v. Gooding, 12 Wheat. 460; Am. Fur Co. v. United States, 2 Peters, 358; Stetson v. City Bank of New Orleans, 2 Ohio St. 167, Here the conspiracy charged by the indictment, was the fraudulent combination by Patton with Arnold, in obtaining the contract for rebuilding the bridge. Whether the conspiracy shall be deemed to have continued until the money was actually paid Arnold or not, or whether the latter’s declarations were made before or after he actually received either the order or the money, seems wholly immaterial. In any case, it can not be claimed that the declarations of Arnold to Hilts were made in furtherance of the unlawful enterprise, or accompanied any act done in accomplishment of the common design. They are simply narrative of past occurrences.
The judgment of the common pleas is reversed, and the cause remanded.
Bartley, C. J., and Swan, Brinkerhoee, and Scott, JJ., concurred.